## (February 20, 1964)

■ ROBERT H. LAWSON, as Administrator of the Estate of DEANNE P. LAWSON, Deceased, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order, entered on January 8, 1963, denying a motion to stay arbitration, unanimously affirmed, with $20 costs and disbursements to claimant-respondent. (See *Matter of Sellars* v. *MVAIC*, 20 A D 2d 350.) Concur — Botein, P. J., Valente, Stevens, Eager and Steuer, JJ.

■ In the Matter of the Arbitration between LITTLEJOHN & Co., INC., Appellant, and FAH SANG Co., LTD., et al., Respondents.— Order, entered on August 27, 1963, so far as appealed from, unanimously reversed on the law, without costs, and the motion denied. A reading of the contract reveals J. Berlage Co., Inc. (herein Berlage) was not a party to the contracts as a principal, but only as an agent for a disclosed principal — a purely representative capacity. The agreement to arbitrate was between Fah Sang Co., Ltd. (Seller) and Littlejohn & Co., Inc. (Buyer), and the fact that by such agreement Berlage was fully authorized to act in behalf of Fah Sang and to represent Fah Sang in any arbitration under the various contracts, did not serve to create or confer upon Berlage any independent right to appear as a principal in relation thereto. It is fundamental that a party cannot be compelled to submit a dispute to arbitration unless he has agreed to do so (CPLR 7501; Civ. Prac. Act, § 1449; *Matter of Lipman [Haeuser Shellac Co.]*, 289 N. Y. 76; *Matter of Writers Guild [Prockter Prods.]*, 1 N Y 2d 305). The demand for technical arbitration was by Berlage, as agent for Fah Sang, Seller, and the award was to the Seller. The appeal taken was by Littlejohn, not Berlage, and it was on the award by the appeal panel that Berlage was substituted as the named principal. The facts and circumstances do not support a claim that Littlejohn waived any objections to Berlage as a principal party by participation in the arbitration (Civ. Prac. Act, § 1458; *Matter of De Laurentiis [Cinematografica]*, 9 N Y 2d 503; *Matter of National Cash Register Co. [Wilson]*, 8 N Y 2d 377; *Matter of McGovern [Janel's Music Corp.]*, 18 A D 2d 897). The contract between Berlage and Littlejohn & Co., Inc., though it provided for the financing of the purchase of the raw goods from Fah Sang Co., Ltd., was in fact and law a contract separate and independent of the contract between Littlejohn and Fah Sang, particularly with respect to any provision for arbitration. Nor is the contention persuasive that the use of the language "landed terms" (in reference to the inclusion of a service charge) sufficient as a memo or writing to prove or at least indicate the existence of such a contract to arbitrate. (Civ. Prac. Act, § 1449; CPLR 7501.) Under the terms of the contract between Littlejohn & Co., Inc., and Fah Sang Co., Ltd., it was expressly provided that no responsibility accrued to Berlage and it could not be held liable "for the fulfillment of the terms of this contract by Fah Sang Co., Ltd., as to, but not limited to, quality, quantity and shipment." Concur — Breitel, J. P., Rabin, Stevens, Steuer and Bastow, JJ.